**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **TIM SPENCER** § | |
| § | |
| *Plaintiff* § | |
| § | **CIVIL ACTION NO. _____** |
| **v.** § | |
| § | |
| **SHELL EXPLORATION &** § | |
| **PRODUCTION COMPANY,** § | |
| § | |
| *Defendant*. § | |

## ORIGINAL COMPLAINT

Plaintiff, TIM SPENCER, complains of Defendant Shell Exploration & Production Company, and for cause of action would show the Court as follows:

### I.   INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its religious discrimination and retaliation violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Section 2000e, et. Seq. ("Title VII").

3. As a direct result of Defendant's actions, Plaintiff has suffered damages. Thus, by way of this lawsuit, Plaintiff seeks to recover his damages caused by Defendant, including (but not limited to) back pay, front pay, lost benefits, reinstatement, compensatory damages, punitive damages, reasonable attorneys' fees, and costs relating to this lawsuit.

### II.   PARTIES

4. Plaintiff Tim Spencer ("Spencer" or "Plaintiff") is an individual who resides in Falls County, Texas.

1

5. Defendant Shell Exploration & Production Company ("Shell" or "Defendant") is a corporation employing more than fifteen (15) regular employees. Shell is headquartered in Harris County, Texas and can be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

### III.     VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

### IV.     JURISDICTION

7. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, as this case is being brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

8. This Court has personal jurisdiction over Defendant because it is qualified to do business in Texas, included being registered with the Secretary of State. Additionally, during all relevant time periods identified in this lawsuit, Defendant has performed and continues to perform business within Texas.

### V.     CONDITIONS PRECEDENT

9. On April 4, 2022, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), and an amended Charge on May 5, 2022. On October 13, 2022, the EEOC sent Plaintiff a Notice of Right to Sue.[1] Plaintiff files this within ninety (90) days after receiving the EEOC's notice of Right to Sue.

---

[1] Exhibit 1 – Right to Sue Letter from the EEOC

## VI.     TITLE VII COVERAGE

10. Plaintiff is an employee within the meaning of Title VII. 42 U.S.C. § 2000e(f). Additionally, Plaintiff has a bona fide religious belief within the meaning of 42 USC § 2000e(j).

11. Defendant is considered to be employers within the meaning of Title VII. Defendant has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

12. Defendant intentionally discriminated, harassed, and retaliated against Plaintiff because of his religion in violation of Title VII (as discussed in further detail below).

## VII.     FACTS

13. Defendant hired Plaintiff in May 2008. In 2019, Plaintiff applied and was selected for a position as a Mechanical Advisor, which required him to work at an offshore site. Plaintiff continuously worked at an offshore site since his hire date.

14. In 2019, Plaintiff was selected to work on the Whale Project, which was delayed until 2021 due to the COVID-19 pandemic. In September 2021, Plaintiff was finally transferred to the Whale Project.

15. On November 15, 2021, Defendant announced that it would be implementing a mandatory vaccine policy, effective January 1, 2022, in which all of its offshore workers were required to be vaccinated against the COVID-19 virus.[2]

16. On December 16, 2021, Plaintiff filed an application for a permanent religious accommodation, asking for an exemption from the vaccine requirement, as he has sincerely held religious beliefs which conflict with the vaccination requirement.

17. On January 14, 2022, Defendant denied Plaintiff's permanent accommodation request, claiming that it would cause an undue hardship to allow him to continue to work offshore

---

[2] Exhibit 2 – COVID-19 Offshore Bulletin

3

while unvaccinated. Plaintiff was further informed that his employment would be terminated if he failed to secure another position at Shell that was exempted from the vaccine mandate by May 2022.

18. On April 4, 2022, Plaintiff field a Charge of Discrimination against Defendant with the EEOC, complaining of religious discrimination.

19. On or about April 14, 2022, Jeanie Bourgeois, an employee at Shell Health, repeatedly texted Plaintiff on his personal cellphone, pressuring him to submit the Shell Medical Certification Form, despite the fact that Plaintiff had asked Shell Health and Shell Leadership to send its requests to his work email and stop texting his personal phone.

20. On April 19, 2022, Plaintiff's supervisor Anthony Bennet ("Bennet") requested a Medical Release Form, stating that if he did not produce it by the end of the day, a disciplinary letter would go into his file. There are no company guidelines mandating that Plaintiff had to submit the medical form by a certain date.

21. Plaintiff complied with Bennet's orders, but on April 21, 2022, Bennet still placed him on a Development Plan for 18 months, allegedly for failure to communicate with Shell Medical. Bennet also initially accused Plaintiff of violating Shell's time-off policy when he requested a week off to care for his elderly father-in-law. It was only after a lengthy conversation that Bennet finally agreed to remove that item from his development plan.

22. On May 3, 2022, Plaintiff was informed by Lautrice Mclendon that he was allowed to return to work at the Robert Training Center for another 60 days with pay. This is an onshore position and thus, by Shell's own terms, should be exempted from the vaccine mandate. However, Defendant still informed Plaintiff that he would be terminated on July 16, 2022 if he failed to get vaccinated or be selected for another onshore position.

23. Defendant discriminated against Plaintiff on the basis of his religion by failing to provide him with reasonable accommodations and retaliated against Plaintiff after he filed his EEOC Charge of Discrimination, in violation of Title VII of the Civil Rights Act (as amended).

### VIII.     CAUSES OF ACTION

**A. Violation of Title VII of the Civil Rights Act of 1964 – Religious Discrimination**

24. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

25. Plaintiff has a bona fide religious belief which conflicts with Defendant's requirement that all offshore Shell employees be vaccinated against the COVID-19 virus. Defendant was informed of Plaintiff's belief and request for permanent accommodation. Defendant refused to grant Plaintiff a permanent accommodation, instead giving him a timeline by which he had to get vaccinated to avoid termination.

26. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and other financial loss (plus interest).

27. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish.

**B. Violation of Title VII of the Civil Rights Act of 1964 – Retaliation**

28. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

29. Plaintiff engaged in a protected activity when he filed his Charge of Discrimination with the EEOC.

30. Defendant retaliated against him when it reprimanded him the next day, and then gave him a timeline by which he had to get vaccinated to avoid termination not long after.

31. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

32. Defendant's purported reasons for its retaliatory conduct are merely pretext for the discrimination, harassment, and hostile work environment complaints.

33. For the foregoing reasons, Defendant retaliated against Plaintiff, in violation of Title VII.

34. As a result of Defendant's retaliation, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) punitive damages, attorneys' fees, and costs.

35. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and other financial loss (plus interest).

36. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish.

## IX.   DAMAGES

37. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages including, but not limited to, emotional distress.

## X.   JURY DEMAND

38. Plaintiff hereby restates his request for a jury trial.

## XI.   PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e. Pre-judgment interest at the highest legal rate;

f. Post-judgment interest at the highest legal rate until paid;

g. Compensatory damages;

h. Attorney's fees;

i. All costs of court expended herein;

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC No.: 7325
Texas State Bar No.: 17268750
gregg@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone: (713) 960-8300
Facsimile: (713) 621-6670
Attorney-in-Charge for Plaintiff