IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TIM SPENCER** § | |
| § | |
| *Plaintiff* § | |
| § | CIVIL ACTION NO. 4:22-CV-04166 |
| v. § | |
| § | |
| **SHELL EXPLORATION &** § | |
| **PRODUCTION COMPANY,** § | |
| § | |
| *Defendant.* § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tim Spencer (hereinafter "Plaintiff" or "Spencer") files this, his Response to Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint (Defendant's "Motion"). Contrary to Defendant Shell Exploration & Production Company (hereinafter "Defendant" or "Shell") Plaintiff did state a claim upon which relief can be granted in his Original Complaint and Defendant's Motion to Dismiss should therefore be denied.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................3

I. INTRODUCTION .....................................................................................................4

II. SUMMARY OF THE ARGUMENT .......................................................................4

III. FACTUAL BACKGROUND....................................................................................5

IV. ARGUMENT & AUTHORITIES ............................................................................7

  A. Introduction..................................................................................................7

  B. Title VII Religious Discrimination ............................................................8

    1. Defendant did not offer legally sufficient alternative accommodations ................................................................................9

    2. Plaintiff suffered an adverse employment action ...........................9

  C. Title VII Retaliation...................................................................................10

    1. Plaintiff was subjected to a materially adverse action ....................11

    2. Plaintiff established sufficient facts to support a causal connection between his protected activity and the adverse employment actions ..........................................................................13

V. CONCLUSION........................................................................................................14

CERTIFICATE OF SERVICE .........................................................................................14

# TABLE OF AUTHORITIES

**Case** — **Page(s)**

*Eversley v. MBank Dallas*,
843 F.2d 172, 175 (5th Cir. 1988) .................................................................................. 8

*Trans World Airlines, Inc. v. Hardison*,
432 U.S. 63, 97 S. Ct. 2264, 2272, 53 L.Ed.2d 113 (1977) ............................................ 8

*Davis v. Fort Bend Cnty.*,
765 F.3d 480, 485 (5th Cir. 2014) .................................................................................. 9

*Thompson v. City of Waco, Texas*,
764 F.3d 500, 503 (5th Cir. 2014) .............................................................................. 9, 10

*Alvarado v. Texas Rangers*,
492 F.3d 605, 612 (5th Cir. 2007) ................................................................................ 10

*Breaux v. City of Garland*,
205 F.3d 150, 157 (5th Cir.2000) ................................................................................. 10

*Hunt v. Rapides Healthcare Sys., LLC*,
277 F.3d 757, 770 (5th Cir. 2001) ................................................................................ 10

*Cooper v. Dallas Police Ass'n*,
278 F. App'x 318, 320 (5th Cir. 2008) .......................................................................... 11

*Brazoria County, Tex. v. Equal Employment Opportunity Comm'n*,
391 F.3d 685, 692 (5th Cir. 2004) ................................................................................ 11

*Jackson v. Honeywell Int'l, Inc.*,
601 F. App'x 280, 286 (5th Cir. 2015) .......................................................................... 11

*Al-habash v. Raytheon Co.*,
No. 4:15-CV-450, 2016 WL 6155601, at *9 (E.D. Tex. Oct. 24, 2016) ...................... 11

*Hernandez v. Yellow Transp., Inc.*,
670 F.3d 644, 657 (5th Cir. 2012) ................................................................................ 11

*Aryain v. Wal-Mart Stores Texas LP*,
534 F.3d 473, 484 (5th Cir. 2008) ................................................................................ 11

*Burlington N. & Santa Fe Ry. Co. v. White*,
548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) .............................. 12

*Long v. Eastfield Coll.*,
88 F.3d 300, 305 (5th Cir. 1996) .................................................................................. 13

*Schroeder v. Greater New Orleans Fed. Credit Union*,
664 F.3d 1016, 1024 (5th Cir. 2011) ............................................................................ 13

**Statute**

42 U.S.C. § 2000e, et. Seq. ("Title VII") ........................................................................ 4

## I.  INTRODUCTION

Plaintiff was discriminated against on the basis of his religion after he requested a permanent accommodation in the form of an exemption from the COVID-19 vaccination requirement put in place by Defendant.

Spencer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and then filed this lawsuit on December 1, 2022.

Defendant responded on April 19, 2023 by filing its Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint, claiming that Plaintiff failed to state a plausible cause of action.

As established below, Defendant's Motion should be denied because Plaintiff has pleaded plausible causes of action for both Religious Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. Seq. ("Title VII").

## II.  SUMMARY OF THE ARGUMENT

Plaintiff requested a permanent religious accommodation asking for an exemption from the vaccine requirement, as he has sincerely held religious beliefs which conflict with the vaccination requirement. Despite Plaintiff's attempts to discuss the issue, Defendant unilaterally determined that granting his request would cause undue hardship.

After Spencer filed his Charge of Discrimination with the EEOC, he was harassed by Shell employees on his personal cellphone, put on a baseless Development Plan, reprimanded for requesting a day off of work to care for his elderly relative, and threatened with termination even after he found a position with Shell Pipeline Company (SPLC) and had been granted a religious accommodation allowing him to work offshore. Shell ignored the majority of these instances of retaliation in its Motion. Additionally, while it is true that Plaintiff's employment was not terminated, he was subjected to an adverse employment action, as he was forced to take an inferior position with lesser pay, despite being qualified for and successful in his previous position.

### III.   FACTUAL BACKGROUND

Defendant hired Plaintiff in May 2008 and continuously worked at an offshore site since his hire date until September 2021, when he was selected to work on the Whale Project on a hybrid schedule which required him to split his time between working from home and from the Robert Training Center onshore.

On November 15, 2021, Defendant announced that it would be implementing a mandatory vaccine policy, effective January 1, 2022, in which all of its offshore workers were required to be vaccinated against the COVID-19 virus. Although Spencer was working from the training center or from his home, both of which were onshore, Shell determined that he was required to get vaccinated. Plaintiff filed an application for a permanent religious accommodation on December 16, 2021, asking for an exemption explaining that he has sincerely held religious beliefs which conflict with the vaccination requirement.

On January 14, 2022, Defendant denied Plaintiff's permanent accommodation request, claiming that it would cause an undue hardship to allow him to remain unvaccinated. Plaintiff was further informed that his employment would be terminated if he failed to secure another position at Shell that was exempted from the vaccine mandate by May 2022.

On April 4, 2022, Plaintiff filed a Charge of Discrimination against Defendant with the EEOC, complaining of religious discrimination.

Plaintiff had previously asked Shell Health and Shell Leadership to send any requests to his work email rather than messaging his personal phone. Despite this, on April 14, 2022, Jeanie Bourgeois, an employee at Shell Health, repeatedly texted Plaintiff's personal phone, pressuring him to submit the Shell Medical Certification Form.

On April 19, 2022, Plaintiff's supervisor Anthony Bennet threatened to place a disciplinary letter in Plaintiff's file if he did not produce a Medical Release Form by the end of the day, despite

the fact that there were no company guidelines in place mandating that Plaintiff had to submit the medical form by a certain date. Plaintiff complied with Bennet's orders, but on April 21, 2022, Bennet still placed him on a Development Plan for 18 months, allegedly for failure to communicate with Shell Medical. Bennet also claimed in the PIP that Plaintiff violated Shell's time-off policy when he requested a day off of work to care for his elderly father-in-law.

As further evidence that the PIP was baseless, after Spencer was transferred to a different position, his new supervisor, Carlos Perez, requested that the PIP be closed early. Specifically, Perez stated that Spencer "met all the requirements agreed upon in the PIP without any issues" and that he "complied with all medical requirements in a timely manner,…was reachable during working hours via MS Teams, and collaborated during team meetings."[1]

On May 3, 2022, Plaintiff was informed by Lautrice McClendon that he was allowed to continue working at the Robert Training Center for another 60 days because he was working onshore. Because the training center was onshore, other employees working there were exempted from the vaccination requirement. Thus, by Shell's own terms, Spencer should have been exempted from the vaccine mandate. However, because Spencer's position had the *potential* to send him offshore if another mechanic was unavailable, Defendant classified Spencer as an offshore employee. This did not make sense, as McClendon stated that only a few people were needed for offshore support, and that they would not support offshore after March 1, 2022, meaning that Plaintiff should have been exempted from the vaccine requirement.

Furthermore, Shell did not even abide by its own vaccine requirements. For example, despite Shell's claim that the vaccine requirement applied to personnel and crews aboard vessels and helicopters if any personal contact is had with offshore personnel, Shell transported Plaintiff

---

[1] *See* Exhibit 1, July 15, 2022 email from Carlos Perez.

in a helicopter with offshore personnel regardless of the fact that he was unvaccinated. However, Defendant still informed Plaintiff that he would be terminated on July 16, 2022, if he failed to get vaccinated or be selected for another onshore position.

## IV. ARGUMENT & AUTHORITIES

### A. Introduction

Defendant's Motion should be denied because Plaintiff has plausibly pleaded causes of action for both religious discrimination and retaliation under Title VII. Defendant has claimed that Plaintiff's claims do not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure for several reasons, none of which are meritorious.

First, Defendant claims that Plaintiff has alleged facts establishing that Shell provided legally sufficient alternative accommodations by allowing him to look for a new position at Shell that did not require vaccination. However, Defendant did not follow through with this supposed accommodation, as Defendant continued to threaten Plaintiff with termination even after he found a position with SPLC offshore, for which he was supposedly granted a religious accommodation.

Defendant also argued in its Motion that Plaintiff failed to allege that he suffered an adverse employment action as required to establish a claim of religious discrimination under Title VII. While it is true that Plaintiff's employment was not terminated, he was forced to take an inferior position with lesser pay[2] to avoid being terminated. Because this was functionally a demotion, it did affect the terms of his employment.

Shell further argued that Plaintiff has not alleged facts establishing a causal connection between his protected activity and the purported reprimands. There are two problems with this argument. First, the reprimands were not the only instances of retaliation Plaintiff experienced as

---

[2] *See* Exhibit 2, comparing Spencer's current and previous positions. Spencer's previous position had a higher base salary.

7

a result of filing his Charge of Discrimination with the EEOC. Second, given both the close timing between the protected activity and adverse employment actions as well as the baseless nature of the reprimands, there was a clear causal connection.

Finally, Defendant argued that Spencer did not allege facts plausibly establishing a materially adverse action for purposes of his retaliation claim under Title VII. Specifically, Defendant argued that placing an employee on a performance improvement plan (PIP) does not constitute an adverse employment action where the employer had grounds for the PIP or where the employee continues to engage in the protected activity. However, there are three issues with this argument. First, in addition to being placed on a PIP, Plaintiff also noted that he was repeatedly harassed on his personal cellphone, and continued to be threatened with termination even after he found a position with SPLC offshore; Defendant did not even address these actions. Second, there were not colorable grounds for disciplinary action, as Plaintiff was placed on the PIP for a supposed failure to communicate with Shell Health, despite the fact that he complied with his supervisor's instructions. And third, in determining whether a challenged action is materially adverse, Courts analyze whether a *reasonable employee*—that is, an average person in similar circumstances—may have been dissuaded from making a charge of discrimination, and Texas courts have previously found a PIP to be a materially adverse action in multiple cases.

Because Plaintiff has pleaded plausible causes of action for both Religious Discrimination and Retaliation, Defendant's Motion should be denied.

### B. Title VII Religious Discrimination

"Under Title VII, as amended in 1972, a covered employer has the 'statutory obligation to make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship.'" *Eversley v. MBank Dallas*, 843 F.2d 172, 175 (5th Cir. 1988) (*quoting Trans*

*World Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S. Ct. 2264, 2272, 53 L.Ed.2d 113 (1977)). "To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) [he] held a bona fide religious belief, (2) [his] belief conflicted with a requirement of [his] employment, (3) [his] employer was informed of [his] belief, and (4) [he] suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014) (internal quotation marks and citations omitted).

Defendant has argued that it satisfied its statutory obligation to make reasonable accommodation for Spencer's religious beliefs by offering alternate accommodations, and that Spencer cannot satisfy the fourth element of his prima facie case of religious discrimination.

1. <u>Defendant did not offer legally sufficient alternative accommodations</u>

Defendant argued that it offered multiple legally sufficient alternative accommodations, as it provided him with 183 days to find another position within the company which did not require vaccination. However, as Plaintiff stated in his Original Complaint, even after he found a position with SPLC offshore and was granted a religious accommodation, Defendant continued to threaten him with termination if he did not receive the vaccination or be selected for another position. Because Defendant continued to threaten him with termination despite Plaintiff's having complied with the terms of the alternate accommodation, Plaintiff had every reason to believe that Defendant would continue to do so until he was vaccinated, regardless of whether he was selected for another onshore position.

2. <u>Plaintiff established that he suffered an adverse employment action</u>

"To establish a discrimination claim under Title VII…a plaintiff must prove that he or she was subject to an 'adverse employment action'—a judicially-coined term referring to an employment decision that affects the terms and conditions of employment." *Thompson v. City of*

9

*Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014). "Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2007) (*citing Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir.2000)). "Transfers can constitute adverse employment actions if they are sufficiently punitive…or if the new job is markedly less prestigious and less interesting than the old one." *Breaux*, 205 F.3d, at 157. "A job transfer that includes a shift change that involves changes in duties or compensation or can be objectively characterized as a demotion may be an 'adverse employment action'." *Thompson*, 764 F.3d at 503 (*quoting Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 770 (5th Cir. 2001)).

    Defendant argued that Plaintiff only contended that he was reprimanded and placed on a PIP, neither of which constitute adverse employment actions for purposes of his discrimination claim. The issue with this argument, however, is that it does not address the fact that Plaintiff was forced to take an inferior position to avoid being terminated. Plaintiff was selected for a new project, which is should have been considered an onshore position. However, this position does not pay as much as his previous position. Because this new position was functionally a demotion, Plaintiff has established that he suffered an adverse employment action.

    Because Spencer has plausibly pleaded a cause of action for Religious Discrimination, and Defendant did not actually provide sufficient alternative accommodations, Plaintiff should be allowed to proceed with his claim of Religious Discrimination.

**C. Title VII Retaliation**

    The prima facie case of retaliation under Title VII "has three elements: '(1) the employee engaged in [an] activity protected by Title VII; (2) the employer took [an] adverse employment action against the employee; and (3) a causal connection exists between that protected activity and

the adverse employment action.'" *Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008) (*quoting Brazoria County, Tex. v. Equal Employment Opportunity Comm'n*, 391 F.3d 685, 692 (5th Cir. 2004)). Defendant has argued that Plaintiff has not established the second and third elements of his prima facie case.

### 1. Plaintiff was subjected to a materially adverse action

In arguing that the PIP imposed on Plaintiff did not constitute an adverse employment action, Defendant cited *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 286 (5th Cir. 2015), which stated that "written warnings and unfavorable performance reviews are not adverse employment actions where colorable grounds exist for disciplinary action or where the employee continues to engage in protected activity." *Id.* However, the *Jackson* court based its dismissal of the plaintiff's retaliation claim on colorable grounds, not on the fact that the plaintiff continued to engage in a protected activity. Furthermore, the court took care to note that the two cases it cited in favor of considering whether the employee continued to engage in a protected activity "are unpublished decisions and are therefore not binding, but merely persuasive." *Jackson*, 601 Fed. Appx. at 286 n.2.

"As such, the Court [should analyze] whether the challenged action is 'materially adverse' under existing Supreme Court authority," which has been repeatedly echoed by Texas courts. *Al-habash v. Raytheon Co.*, No. 4:15-CV-450, 2016 WL 6155601, at *9 (E.D. Tex. Oct. 24, 2016). The controlling standard states that "[a]n adverse employment action is one that "'reasonable employee would have found ... [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (*quoting Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008)). The United States Supreme Court specifically

noted that they "refer to reactions of a *reasonable* employee because [they] believe that the provision's standard for judging harm must be objective" because an objective standard "avoids the uncertainties" of determining "a plaintiff's unusual subjective feelings." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (emphasis in original). Thus, Plaintiff's submitting an updated Charge of Discrimination with the EEOC does not preclude a finding that he was subjected to adverse employment actions.

After Spencer submitted his initial Charge of Discrimination, he faced multiple instances of targeted, retaliatory behavior. First, a Shell Health employee repeatedly sent messages to Spencer's personal cellphone pressuring him to submit the Medical Certification Form even after he asked Shell Health and Shell Leadership to send its requests to his work email and stop texting him on his personal phone. Then, Spencer's supervisor Bennet informed him that if he did not produce a Medical Release Form by the end of the day, a disciplinary letter would go into his file. There are no company guidelines mandating that Plaintiff had to submit the medical form by the end of that day, which suggests that Bennet was targeting him specifically.

Furthermore, even after Spencer complied with this baseless demand, Bennet still claimed that he failed to comply with medical documentation requirements and placed him on a PIP—which was closed soon after Spencer was transferred to another supervisor. And, while not included in the final version of the PIP, Bennet initially accused Plaintiff of violating Shell's time-off policy when he requested a week off to care for an elderly relative. Finally, even after Spencer complied with the alternate accommodation Shell purported to offer by finding a position that should have been considered onshore, Defendant continued to threaten him with termination. These actions, taken together, are materially adverse, as they arguably may have dissuaded a reasonable employee from making or supporting a charge of discrimination.

12

      2. <u>Plaintiff established sufficient facts to support a causal connection between his protected activity and the adverse employment actions.</u>

"The standard for establishing the 'causal link' element of the plaintiff's prima facie case is much less stringent" than but-for causation, as the plaintiff does not need to show that the "protected activity sole factor motivating the employer's challenged decision in order to establish the causal link." *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996). "In evaluating the claimed causal connection, [a court] may look to (1) [the plaintiff's] past disciplinary record, (2) whether [the defendant] followed a policy in penalizing [the plaintiff], and (3) the temporal proximity between [the plaintiff's] protected activity and [the defendant's] adverse actions." *Schroeder v. Greater New Orleans Fed. Credit Union*, 664 F.3d 1016, 1024 (5th Cir. 2011).

Prior to being placed on the PIP, Plaintiff had a clear disciplinary record, and was in the top ten per cent (10%) pay grade of Shell's offshore workforce selected by a group of Shell's leadership. Additionally, Defendant clearly failed to follow usual policy in placing Spencer on a PIP for supposedly failing to comply with medical documentation requirements because a) he *did* comply with the documentation requirements his supervisor insisted upon, and b) there are no company guidelines mandating that Plaintiff had to submit the medical form in question by a certain date. There is also evidence that the stated reason for placing Spencer on the PIP was false, as the PIP was closed soon after he was transferred to another supervisor.

Furthermore, Shell has not even attempted to offer justification for the other instances of retaliation, including Spencer being harassed on his personal cellphone, reprimanded for attempting to take a day off of work to care for his elderly relative, and threatened with termination even after he found a position with SPLC. Finally, the temporal proximity element is also in Plaintiff's favor, as he was subjected to the adverse employment actions within days of his having filed a Charge of Discrimination.

13

Plaintiff should be allowed to move forward with his claim of Retaliation, as he has plausibly pled his cause of action.

## V.     CONCLUSION

As explained herein, Plaintiff's Original Complaint did state a claim upon which relief can be granted. Thus, Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint should be Denied in its entirety.

Respectfully submitted,

/s/ *Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No.: 7325
Texas State Bar ID No.: 17268750
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: gregg@rosenberglaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

On May 10, 2023, a true and correct copy of the above-identified document was filed and served via the Court's CM/ECF filing system and electronic mail on the following:

> Anthony J. Campiti
> HOLLAND & KNIGHT, LLP
> 1722 Routh Street, Suite 1500
> Dallas, Texas 75201-2533
> tony.campiti@tklaw.com

/s/ *Gregg M. Rosenberg*
Gregg M. Rosenberg